# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

# Case No. 12-20157-CR-ROSENBAUM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CECILIA CORDOBA,
MANUEL ROWINSKY, *et al.*,

    Defendants.

             /

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

  This matter is before the Court on Defendant Cecilia Cordoba's Corrected Motion to Strike Notice Concerning Expert Witnesses [D.E. 123], joined by Defendant Ramon Acosta [D.E. 148]. The Court has reviewed Defendant's Corrected Motion, has held an evidentiary hearing on the Motion and a *Daubert* Motion relating to one of the experts about whom the Government's Notice Concerning Expert Witnesses was filed, and has likewise heard oral argument on the Corrected Motion. As announced during the hearing, the Government is directed to provide additional notice of the expert testimony it intends to present through Carlos Grillo, as instructed at the hearing and in this Order, but Defendant's Corrected Motion is otherwise denied.

  On August 6, 2012, the Government filed a Disclosure of Expert Witnesses [D.E. 121], in which it identified Carlos Grillo as an expert regarding the functioning, dimensions, and capacity of the fuel system and tanks, engines, and functioning of Lear Jets, and Deborah Morrisey as an

expert in the area of money laundering.[1] The Disclosure further contained both proposed experts' résumés.

With regard to Grillo, the Disclosure revealed that he has work experience with the Federal Aviation Administration as an aviation safety inspector, an assistant aviation safety inspector, and an aviation safety inspector journeyman for a total of five years, and he has served as the chief inspector for a company called National Jets, Inc., for a period of approximately twelve-and-one-half years. D.E. 131-2 at 6. The Disclosure further specified that Grillo would testify "with respect to the functioning, dimensions, and capacity of the fuel system and tanks, engines, and functioning on Lear Jets. He will also testify to the locations within aircraft that contraband can be safely and discretely stored and unloaded." D.E. 121. As for Morrisey, the Disclosure stated that she would testify "as to the various forms of money laundering and the manner by which individuals and groups of individuals launder illicit proceeds[,] [as well as] to the analysis of several accounts and purchases, and the detection of the defendants' laundering of money through accounts." D.E. 121 at 1-2.

In response, Defendant Cecilia Cordoba filed her Corrected Motion to Strike Notice Concerning Expert Witnesses [D.E. 123]. Essentially, the Corrected Motion complains that the Government's expert-witness disclosure fails to comply with the requirements of Rule 16(a)(1)(G), Fed. R. Crim. P.

Also in response to the Government's filing of its Disclosure of Expert Witnesses, Defendant Rowinsky filed his Motion *in Limine* to Exclude Testimony of the Government's Proposed Expert

---

[1] A summary of the charges pending against each Defendant, as well as additional procedural history relating to this case, is set forth in earlier orders of this Court.

Witness S.A. Deborah Morrisey [D.E. 137]. The Government opposed Defendant Rowinsky's Motion *in Limine*, setting forth additional information regarding the proposed expert testimony of Morrisey and Grillo. *See* D.E. 131. With regard to Grillo, the Government explained that he would testify "to locations on a Lear Jet where cocaine could be concealed, what effect if would have on the flight of the airplane and how those locations could be accessed [and that] . . . 300 kilograms of cocaine, as well as lesser amounts, could be concealed and flown on a Lear Jet . . . ." *Id.* at 3.

On August 16, 2012, the Court held an evidentiary hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), on Defendant Rowinsky's Motion. During the evidentiary hearing, Defendants conceded the qualifications of Morrisey to testify as an expert in the area of money laundering.[2] Therefore, Morrisey's testimony focused on her methodology, which she explained in detail during the hearing. Based on her experience and knowledge of generally accepted terms and concepts used in the field of money laundering, Morrisey identified three steps of the money-laundering process: (1) placement of the ill-gotten gains into the banking system; (2) layering, sometimes referred to as the "shell game" stage; and (3) integration, where the money is converted into a form to make it appear legitimate. Besides further elaborating on these

---

[2]Morrisey's *curriculum vitae* describes her as "[a]ward winning **Certified Anti-Money Laundering Specialist** and Investigator with 26 years federal law enforcement experience[;] [s]enior advisor to top financial executives and government leaders worldwide to provide intelligence and guidance in fighting sophisticated international fraud and other financial crimes perpetrated by transnational criminal organizations." D.E. 1292 at 18 (emphasis in original). It further identifies her as a "[n]ationally **recognized subject matter expert . . . in financial investigations and money laundering** [who is] frequently enlisted by Headquarters to review and provide input to pending legislation, prepare Congressional testimony, brief Congressional sub-committee members, and represent ICE in foreign and domestic meetings . . . and instruct personnel on money laundering worldwide." *Id.* (emphasis in original). She has served as a special agent for United States Immigration and Customs Enforcement since 1988 and as a supervisory special agent/group supervisor for Homeland Security Investigations since 2002.

three stages of money laundering, Morissey testified regarding triggers for the required filing of currency transaction reports and currency and monetary instrument reports. She then reviewed summaries of financial transactions that occurred in the bank accounts used by Defendants in this case, pointing out what she viewed as transactions reflecting each of the three steps of money laundering.

At the end of the August 16, 2012, hearing, the Court announced that it was denying Defendant Rowinsky's Motion *in Limine* seeking to exclude Morrisey's testimony. *See also* D.E. 178. In addition, the Court explained that based on the Government's Notice and the detail of Morrisey's testimony during the *Daubert* hearing, it was likewise denying Defendant Cecilia Cordoba's Corrected Motion to Strike as it pertains to Morrisey, finding that through the combination of the Government's Disclosure [D.E. 121], the Government's Response to Cecilia Cordoba's Motion to Strike Notice Concerning Expert Witnesses [D.E. 131], and Morrisey's testimony at the August 16, 2012, hearing, the Government had satisfied its notice obligations under Rule 16(a)(1)(G), Fed. R. Crim. P., regarding Morrisey's testimony. *See, e.g., United States v. Martinez*, 476 F.3d 961, 967 (D.C. Cir. 2007).[3]

With regard to Grillo, the Government specified that it would set forth in writing all opinions to which he was expected to testify. Accordingly, on August 21, 2012, the Government filed its

---

[3]Although Rule 16(a)(1)(G), Fed. R. Crim. P., speaks in terms of a "written summary," the Court finds that the notice provided by a proposed expert's *Daubert* hearing testimony, complete with the opportunity for cross-examination, nonetheless can be considered in determining whether an expert disclosure satisfies the requirements of Rule 16(a)(1)(G). First, Defendants can obtain a written transcript of the expert's testimony. Second, the testimony accomplishes the purposes of Rule 16(a)(1)(G)'s notice requirements, which the Advisory Committee Notes to the 1993 Amendments to Rule 16 suggest suffice to comply with the rule ("The amendments are not intended to create unreasonable procedural hurdles.").

Supplemental Disclosure of Expert Witness [D.E. 169]. In its Supplemental Disclosure, the Government states, "Mr. Grillo will testify that contraband can safely and discretely [be] stored and unloaded within certain places in the airplane, including, the fuselage tank, the dash board, the black box, and behind the seats in the panel between the seats and the fuselage tank." *Id.*

Rule 16(a)(1)(G), Fed. R. Crim. P., requires the Government to provide a "written summary" that describes the expert witness's "opinions, the bases and reasons for those opinions, and the witness's qualifications." The Eleventh Circuit has concluded that this rule "makes clear that the governmetn is required to provide a criminal defendant with . . . both [the] witness's ultimate opinion and 'the bases and reasons for those opinions,' including 'not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion . . . .'" *United States v. Holland*, 223 F. App'x 891, 894 (11th Cir. 2007) (quoting Fed. R. Crim. P. 16(a)(1)(G), Fed. R. Grim. P. 16, Advisory Comm. Notes, 1993 Amendment).

The current status of the Government's disclosure as it relates to Grillo does not satisfy this standard. Although the Government has revealed Grillo's opinions concerning the locations where contraband may safely and discretely be stored and unloaded within a Lear jet, the Government has not specified Grillo's opinions as they relate to the distances that a Lear jet may fly while loaded with varying weights of contraband.[4] Nor has the Government identified the bases and reasons for Grillo's opinions. Consequently, the Government's disclosures as they relate to Grillo do not satisfy Rule 16(a)(1)(G)'s requirements as the Eleventh Circuit has construed them.

Therefore, it is hereby **ORDERED and ADJUDGED** that the Government shall supplement

---

[4]The Government did discuss this issue somewhat during the August 16, 2012, hearing, but it did not set forth each opinion that it anticipates Grillo will offer.

its disclosure as it relates to Grillo by identifying all opinions to which Grillo will testify, as well as the bases and reasons for each opinion. The Government shall provide this supplemental disclosure to Defendants by **September 4, 2012**.

It is further **ORDERED and ADJUDGED** that Defendant Cecilia Cordoba's Corrected Motion to Strike Notice Concerning Expert Witnesses [D.E. 123], joined by Defendant Ramon Acosta [D.E. 148], is otherwise **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 21st day of August 2012.

                                                ROBIN S. ROSENBAUM
                                                UNITED STATES DISTRICT JUDGE

copies: Counsel of Record